# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:20-CV-00112-DSC

| | |
|---|---|
| **BRANDON JACK SKIDMORE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ANDREW SAUL,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER OF REMAND

**THIS MATTER** is before the Court on Plaintiff's "Motion to Receive New and Material Evidence" (document #18) and "Motion for Summary Judgment" (document #20) and Defendant's "Motion for Summary Judgment" (document #22), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court grants Plaintiff's "Motion to Receive New and Material Evidence" (document #18). Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's decision; and remand this matter for further proceedings consistent with this Memorandum and Order.

## I.  PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on May 7, 2020.   He argues that favorable decisions on his subsequent applications for Medicaid and Supplemental Security Income benefits are "new

and material evidence" raising a "a reasonable possibility that the new evidence would have changed the outcome." Meyer v. Astrue, 662 F.3d 700 at 704-705 (4th Cir. 2011), citing Wilkins v. Secretary, 953 F.2d 93, at 96 (4th Cir. 1991 en banc). See Plaintiff's "Memorandum ..." at 4-13 (document #19); "Plaintiff's Response…" at 1-3 (document #24).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[1]   After the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision, he again applied for SSI benefits as well as Medicaid.  Both applications were granted based substantially upon the same record present here.  Plaintiffs argues that those decisions be received as new and material evidence.  "[N]ew and material evidence" is evidence raising a "reasonable possibility" that the outcome would have changed if it had been considered." Meyer v. Astrue, 662 F.3d 700 at 704-705 (4th Cir. 2011), citing Wilkins v. Secretary, 953 F.2d 93, at 96 (4th Cir. 1991 en banc).

Social Security Ruling 06-03p provides that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford no weight to a VA disability rating).

---

[1]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

In Bird, the Fourth Circuit held that because the purpose and evaluation methodology of the VA and SSA are "closely related a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." Bird, 699 F.3d at 343. Therefore, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." Id.

Clarifying the ALJ's duty to evaluate the disability determinations of other government agencies, the Fourth Circuit recently held in Woods v Berryhill, 888 F.3d 686, 692-93 (4th Cir. April 26, 2018), that an ALJ may give less than substantial weight to a VA or Medicaid disability decision only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." Id. at 692 (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so").

Applying those legal principles to the record here, the Court concludes that these favorable decisions raise a reasonable possibility that consideration of this new evidence would have changed the outcome. Accordingly, this matter must be remanded for a new hearing and consideration of this new and material evidence.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941

(1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1.    Plaintiff's "Motion to Receive New and Material Evidence" (document #18) and "Motion for Summary Judgment" (document #20) are **GRANTED**; Defendant's "Motion for Summary Judgment" (document #22) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[2]

2.    The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**          Signed: March 9, 2021

_____

David S. Cayer
United States Magistrate Judge

---

[2]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).