IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:20-cv-00112-DSC

| | |
|---|---|
| BRANDON JACK SKIDMORE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ANDREW M. SAUL, )<br>Acting Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. )<br>_____) | **<u>ORDER</u>** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Payment of Attorney's Fees [Doc 27].

Plaintiff seeks an award of attorney's fees in full satisfaction of any and all claims by him in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc 27]. Defendant has not objected to the Motion.

In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Plaintiff requests that the EAJA award be paid directly to his counsel as his assignee. In support of this request, Plaintiff has submitted an Assignment of Fees

executed by the him, pursuant to which he has agreed to assign any EAJA fee award in favor of counsel. [Doc 27-2]. The Court finds that the Commissioner should accept this assignment of fees by the Plaintiff to counsel, and the Commissioner shall pay that award of fees directly to counsel, provided that it is shown that Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 586 (2010).

    **IT IS THEREFORE, ORDERED** that:

Plaintiff's Motion [Doc. 27] is hereby **GRANTED**, and he is hereby awarded attorney's fees in the amount of Four Thousand Three Hundred Twenty-five Dollars and Eighty-five Cents, which sum is in full satisfaction of any and all claims by him in this case pursuant to 28 U.S.C. § 2412(d);

(1) Within thirty days of the entry of this Order, or some other time as determined by the Court upon good cause shown, the Commissioner shall inform Plaintiff's counsel whether Plaintiff owes a debt to the Government by which this fee award may be offset.

(2) In the event that past-due benefits are awarded on remand, Plaintiff shall have sixty days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(3) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**SO ORDERED.**

Signed: June 24, 2021

David S. Cayer
United States Magistrate Judge